UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER MICHAEL CARTY           CASE NO.: 1:14-cv-380

    Plaintiff,                                      Barrett, J.
                                                    Litkovitz, M.J.
v.

COMMISIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends reversing and remanding this Social Security matter pursuant to Sentence Four of 25 U.S.C. § 405(g) for further proceedings.  (Doc. 22).  Notice was given to the parties pursuant to Fed. R. Civ. P. 72(b).  (Doc. 22, PageId 697).  Defendant Commissioner of Social Security has filed objections to the Report.  (Doc. 25).  This matter is now ripe for review.

**I.    BACKGROUND**

The procedural background and the pertinent facts have been adequately summarized in the Report (*see* Doc. 22), and thus, will not be repeated here.  The undersigned, however, will identify the relevant background or evidence where necessary to address Defendant's objections.

**II.    STANDARDS OF REVIEW**

    **A. Objections**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further

1

evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Review of Commissioner's Determination

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry: (1) whether the finds of the ALJ are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance[.] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails

2

to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal quotations omitted); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545-46 (6th Cir. 2004) (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### III. ANALYSIS

#### A. First Objection

Defendant's first objection is directed to the Magistrate Judge's conclusion concerning the ALJ's lack of reference to psychiatrist Dr. Helm as a treating source. (Doc. 25, PageId 702). Defendant contends that the ALJ's discussion of Dr. Helm's treatment notes and his September 2012 opinion reflects that the ALJ knew of Dr. Helm's treating relationship with Plaintiff. (Id.).

Having reviewed the issue de novo, the undersigned finds no error in the Report. As fully explained by the Magistrate Judge, a treating-source opinion must be given "controlling weight" when two conditions are met: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion "'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. 404.1527(c)(2)). While the Court agrees with Defendant's assertion that the ALJ references Dr. Helm's treatment notes and treatment records (Tr. 19-20), the ALJ referred to Dr. Helm's report as being "an attorney retained mental health assessment from Shawnee Mental Health Center." (Tr. 19). It therefore is not clear from the decision that the ALJ recognized Dr. Helm's treating physician status. In addition, the ALJ did not provide any indication he applied or considered the treating physician rule. As the

3

Magistrate Judge recognized (Doc. 22, PageId 686), and Defendant does not dispute, the ALJ made no reference in his decision to the applicable Social Security regulations that dictate how the treating source evidence is to be considered. The undersigned therefore agrees with the Magistrate Judge that it is unclear whether the ALJ appropriately considered Dr. Helm to be a treating source or evaluated his opinion as treating-physician opinion evidence. Accordingly, the first objection is overruled.

### B. Second Objection

Defendant's second objection concerns the Magistrate Judge's conclusion that the ALJ failed to discuss the relevant factors applicable to opinions for treating sources and other medical sources. (Doc. 25, PageId 702). Defendant contends that the ALJ was not required to discuss any specific factors when discussing the medical opinions, and that the ALJ properly articulated good reasons for discrediting Dr. Helm's opinion, including that Dr. Helm's opinion of extreme limitations conflicted with his scant explanation, the lack of clinical or objective support, and his own notes revealing conservative, sporadic, and effective treatment. (Id., PageId 702-03).

Upon de novo review, the undersigned concludes that the Report is correct in this respect. When the treating physician's opinion is not controlling, the ALJ must consider the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). In doing so, the ALJ must provide "good reasons" for the weight given to the treating physician's opinion but the ALJ is not necessarily required to address every factor set forth in 20 C.F.R. 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011). The Sixth Circuit has explained, however, that:

> the ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent

4

> reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." [Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5]. The purpose of this procedural aspect of the treating physician rule is two-fold. First, the explanation "'let[s] claimants understand the disposition of their cases,' particularly where a claimant knows that his physician has deemed him disabled and therefore 'might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Second, the explanation "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record. *Id*.

*Rogers*, 486 F.3d at 242-43.

Here, it is not clear, as explained above, whether the ALJ applied the treating-physician rule in the first instance.  Absent an understanding as to whether or how the ALJ applied the treating-physician rule, it is not clear whether the balancing of the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416927(c)(2)-(6) was even necessary.  As such, the ALJ's analysis of Dr. Helm's opinion is not sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's medical opinion and the reasons for that weight.  Further compounding that lack of clarity as to the proper consideration of the treating-physician opinion evidence is that the ALJ did not acknowledge or reference 20 C.F.R. §§ 404.1527(c)(2)-(6), 416927(c)(2)-(6) or the factors set forth therein.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013).  Without more, the undersigned cannot conclude that the opinion is supported by substantial evidence, even if the conclusion of the ALJ could otherwise be justified based on the record.  *See id.*  Accordingly, the second objection is overruled.

    **C. Third Objection**

Defendant's third objection is to the Magistrate Judge's conclusion that the ALJ committed reversible error by not specifically discussing Dr. Helm's January 2012 opinion. (Doc. 25, PageId 703). Defendant asserts that Plaintiff made no specific argument regarding the January 2012 opinion, that Plaintiff did not satisfy the burden of showing harm from the ALJ's failure to discuss it, and that no harm actually occurred because the ALJ provided good reasons for discrediting Dr. Helm's September 2012 opinion which applied similarly to the January 2012 opinion. (Id.).

Upon de novo review, the undersigned concludes that the Report is correct in this respect. First, contrary to Defendant's argument, Plaintiff points to the consistency between Dr. Helm's January 2012 assessment and Dr. Helm's September 2012 assessment in the Statement of Specific Errors. (Doc. 9, PageId 614). Notably, such evidence is relevant as a treating-physician opinion as well as to an evaluation of whether a treating-physician opinion should be given "controlling weight," which requires consideration of whether the opinion "'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)).

Second, the Report correctly recognized that the ALJ was obliged to, but did not consider, discuss, and weigh the January 2012 opinion, *see* 20 C.F.R. §§ 404.1527(c), 416.927(c), and that "[w]hen an ALJ fails to mention relevant evidence in his decision, 'the reviewing court cannot tell if significant probative evidence was not credited or simply ignored'" (Doc. 22, PageId 686) (quoting *Morris v. Sec'y of H.H.S.*, No. 86-5875, 1988 WL 34109, at *2 (6th Cir. April. 18, 1988)).

Third, Defendant's position that the ALJ's discussion supporting the September 2012 assessment also supports the January 2012 assessment is flawed because the undersigned

6

concluded above that the ALJ's discussion of Dr. Helm's September 2012 assessment precludes meaningful review by this Court. Therefore, the ALJ's reasons for discrediting Dr. Helm's January 2012 opinion likewise would be deficient under Defendant's reasoning.

Accordingly, Defendant's third objection is overruled.

### D. Fourth Objection

Defendant's fourth objection relates to (1) the Magistrate Judge's conclusion that the ALJ needed to mention specifically the opinion of the consultative examining psychologist, Dr. Heiskell, that Plaintiff had marked difficulties withstanding the stress of daily work, and (2) the Magistrate Judge faulting the ALJ for distinguishing between Dr. Heiskell's March 2011 and February 2011 opinions, which were based on the same interview. (Doc. 25, PageId 703). Defendant contends that the ALJ clearly accepted only those opinions supported by reference to objective clinical evidence and observations from the interview. (Id.). As such, Defendant asserts that the undersigned should conclude upon de novo review that the ALJ reasonably rejected Dr. Heiskell's opinions supported simply by Plaintiff's subjective reports. (Id.).

Upon de novo review, the undersigned agrees with the Magistrate Judge that the ALJ's decision to give "less weight" to Dr. Heiskell's March 2011 form-based opinion than to Dr. Heiskell's February 2011 report-based opinion lacks substantial support in the record. Contrary to Defendant's argument, the ALJ's decision to give "less weight" to the form-based opinion did not distinguish between opinions supported by objective clinical evidence or observations from the interview and those which were not. Instead, the decision discredited the form-based opinion in its entirety because it "is not supported by any objective clinical findings or testing," even though the form-based opinion was based on the exact same examination as the report-based

7

opinion upon which the ALJ placed "greater weight." The stated rationale for discrediting the opinion thus lacks substantial support.

The undersigned also agrees with the Magistrate Judge concerning the ALJ's consideration of Dr. Heiskell's conclusion that Plaintiff is markedly limited in his ability "to withstand the stress and pressures associated with day-to-day work activity" due to his mental impairments. (Tr. 457). As the Magistrate Judge acknowledged (Doc. 22, PageId 667-68), that opinion of Dr. Heiskell appears to be consistent with Dr. Helm's conclusion that although plaintiff "is able to take care of his activities of daily living, [Dr. Helm] doubt[ed] that [Plaintiff] could perform work on a competitive level[,]" but the ALJ did not include that limitation in his decision (Tr. 544). The ALJ was required to evaluate Dr. Heiskell's opinion under the regulatory factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c), including supportability and consistency with the record as a whole, including other medical opinions, but it is not clear from the record that he did so as required. *See* Soc. Sec. Rul. 96-6, 1996 WL 374180, at *2 (stating that the ALJ must consider "the supportability of the opinion[s] . . . [and] the consistency of the opinion[s] with the record as a whole, including any other medical opinions, and any explanation for the opinion provided"). Compounding that error is the lack of clarity as to the application of the treating-physician rule to the opinions of Dr. Helms given that the above opinion of Dr. Heiskell is consistent with that of Dr. Helms.[1]

Accordingly, Defendant's fourth objection is overruled.

E. **Fifth Objection**

---

[1] As previously explained, the consistency of the treating-physician opinion of Dr. Helm with the record as a whole must be taken into consideration in determining whether to give his opinions controlling weight. The lack of clarity as to whether the treating-physician rule was considered, combined with the failure to acknowledge the consistency of Dr. Heiskell's opinion with Dr. Helms' opinion and the ultimate rejection of the limitation, provides further support for the conclusion above that remand is required for consideration of the treating-physician rule.

Defendant's fifth objection relates to the Magistrate Judge's conclusion that the RFC's limitation to simple, routine, repetitive tasks, simple decisions, and infrequent changes did not adequately accommodate the state-agency doctors' medical opinions that Plaintiff could work only without strict time or production demands.  (Doc. 25, PageId 704).  Defendant contends that Plaintiff never made that argument, but instead argued that *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), required the RFC to include specific pace-based limitations any time the ALJ found moderate problems of concentration, persistence, or pace at step three.  (Id.).  Addressing *Ealy*, Defendant asserts that subsequent caselaw supports a finding that a limitation to simple, repetitive tasks, where additional limitations specifically address Plaintiff's unique mental impairments, may reasonably address a claimant's moderate impairment of concentration, persistence, and pace.  (Id.).  It argues that Dr. Heiskell specifically opined that Plaintiff could perform simple, repetitive tasks without limitation, which provides substantial support for the RFC limitation to simple, routine, repetitive tasks, simple decisions, and infrequent changes.  (Id.).

To address these arguments, the undersigned first revisits the arguments made in Plaintiff's Statement of Specific Errors and Defendant's response to the Statement of Specific Errors.  Relying on *Ealy*, Plaintiff argued that the ALJ's decision was not supported by substantial evidence because he did not include in his hypothetical to the Vocational Expert a limitation incorporating his own finding that Plaintiff had moderate limitations in concentration, persistence or pace.  Defendant responded that a limitation to simple, repetitive tasks—with additional limitations that specifically address the plaintiff's unique mental limitations—is adequate, and that the ALJ "reasonably relied on Dr. Heiskell's and state-agency psychologist

9

Dr. Katz's opinions that Plaintiff could do simple, repetitive tasks without any restriction to a specific work pace." (Doc. 19, PageId 662).

In the Report, the Magistrate Judge agreed with Plaintiff that the ALJ erred in formulating the RFC because the limitation to simple, repetitive work does not adequately accommodate the moderate limitations in concentration, persistence or pace as determined by the ALJ. (Doc. 22, PageId 691-93).

The Magistrate Judge was correct in her conclusion in the Report. When the Commissioner seeks to rely on the testimony of the VE to show the existence of a substantial number of jobs other than past work that the claimant can perform, the testimony must have been given in response to a hypothetical question that accurately portrays the claimant's physical and mental impairments. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513, 516 (6th Cir. 2010). An improper hypothetical cannot serve as substantial evidence. *Id.* Nevertheless, hypothetical questions must incorporate only the limitations that the ALJ has accepted as credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). In *Ealy*, the claimant's doctor limited him to "simple, repetitive tasks [for] [two-hour] segments over an eight-hour day where speed was not critical." *Ealy*, 594 F.3d at 516. In that RFC assessment, however, the ALJ included only a limitation to "simple repetitive tasks and instructions in non-public work settings." *Id.* That RFC finding was included in the hypothetical to the VE. *Id.* The Sixth Circuit held that the RFC assessment and the hypothetical did not adequately reflect the claimant's limitations because it truncated the doctor's specific restrictions. *Id.*

For reasons similar to those in *Ealy,* the ALJ's RFC and hypothetical to the VE did not adequately reflect the claimant's limitations. In his decision, the ALJ determined that Plaintiff had moderate difficulties in concentration, persistence or pace, relying on Dr. Heiskell's as well

as Dr. Katz's limitations in that regard, as acknowledged by Defendant. (Tr. 15, 19-20). Dr. Heiskell found that Plaintiff had moderate to marked limitations in concentration and persistence. (Tr. 459). He found Plaintiff had limitations in his ability to understand and follow instructions, as evidenced by a concentration error and uneven pace when performing serial seven subtractions. (Tr. 4457). Dr. Heiskell also indicated that Plaintiff could perform simple, repetitive tasks without impairment from psychological factors. (Id.). Dr. Katz likewise determined that Plaintiff had moderate limitations in concentration, persistence, or pace. (Tr. 118-19). He explained that Plaintiff was not significantly limited his ability to perform <u>short</u> and simple tasks, that he was moderately limited in his ability to perform at a consistent pace without an unreasonable number and length of rest periods, and that he "would not be able to perform tasks <u>with strict time or production demands</u>." (Tr. 118-19). The last limitation was not dependent upon the type of task performed. (Tr. 119). The RFC and the hypothetical did not account for Plaintiff's persistence and pace deficits, and they truncated the specific time and production restrictions included by Dr. Katz. Specifically, the RFC provided for the following limitations only: he can understand, remember, and carry out simple, routine, and repetitive tasks; and the work should require simple work related decisions and should not involve frequent changes. (Tr. 16). In the hypothetical to the VE, the ALJ conveyed those same limitations. (Tr. 63). Following *Ealy*, the failure to account for the persistence and pace limitations is reversible error.

Accordingly, Defendant's fifth objection is overruled.

## IV. <u>CONCLUSION</u>

Having reviewed the Magistrate Judge's recommended disposition de novo in light of Plaintiff's objections, the Court concludes that the recommendations in Report are correct.

11

Accordingly, Defendant's objections (Doc. 25) are **OVERRULED** and the Report (Doc. 22) is **ADOPTED**.

The decision of the Commissioner is hereby **REVERSED** and **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). On remand, the ALJ should, consistent with this Opinion and the Report, evaluate the mental health opinion evidence of record in accordance with Sixth Circuit caselaw and the Social Security regulations. The ALJ also should reformulate Plaintiff's RFC to account for his limitations in concentration, persistence, and pace and as necessary to the extent his reweighing of the mental health opinion evidence of record impacts his findings on Plaintiff's RFC.

**IT IS SO ORDERED**.

                                                                         s/Michael R. Barrett
                                                                        Judge Michael R. Barrett
                                                                        United States District Court